IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PENSACOLA BEACH COMMUNITY**
**UNITED CHURCH, INC.**, a Florida non-
profit corporation,

       **Plaintiff,**

v.                                     Case No.: 3:06cv236/RV/EMT

**CONFERENCES OF THE UNITED CHURCH**
**OF CHRIST INSURANCE BOARD**, and
**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH PENNSYLVANIA,**

       **Defendants.**
_____/

## ORDER

Pending is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 4).

**I.**    **BACKGROUND**

According to the allegations in Plaintiff's Complaint --- which at this stage are taken as true --- Plaintiff is a non-profit corporation acting as a church on Pensacola Beach, Florida. The church property was insured under an insurance policy issued by and/or through Defendants. On or about September 15, 2004, the property was damaged during Hurricane Ivan, after which Defendants failed to pay Plaintiff for the full amount of the loss it sustained.

In April 2006, Plaintiff filed an Amended Complaint for damages in the Escambia County Circuit Court. Thereafter, on May 26, 2006, Defendants removed the state case to this Court on the basis of diversity jurisdiction. Defendants are now moving to dismiss because (i) Plaintiff did not attach the policy to the Complaint; and (ii) Plaintiff purportedly co-mingled facts and claims in such a way as to violate Rules 8(a)

and 10(b) of the Federal Rules of Civil Procedure.

## II.   DISCUSSION

### A. *Failure to Attach Policy*

Defendants first argue that dismissal is appropriate because Plaintiff did not attach the actual insurance policy to the Complaint. Quoting Gilman v. U.S. Fidelity and Guarantee Co., 517 So.2d 97, 98 (Fla. 1st DCA 1987), Defendants contend that under Florida law "the plaintiff [in an insurance dispute] must establish a prima facie case bringing himself within the terms of the contract." Defendants interpret this quoted language to mean that Plaintiff should have attached the policy and, since it did not, the Complaint should be dismissed for failing to state a claim. Defendants are correct that, as a general matter, a plaintiff suing under a written contract or insurance policy in Florida state court must attach the document to, or incorporate it into, the complaint. In fact, although not cited by Defendants, Florida Rule of Civil Procedure Rule 1.130(a) specifically requires it.[1]

Plaintiff claims there are two reasons why dismissal would be inappropriate. First, as is alleged in the Complaint itself, Plaintiff argues that at the time of pleading the insurance policy was in Defendants' possession and Plaintiff was never given a copy. Plaintiff was, therefore, able to attach the declarations page and provide the policy number, but was unable to attach the policy itself. Second, Plaintiff contends that, in any event, "the Federal Rules of Civil Procedure do not contain a requirement

---

[1]In federal diversity actions, such as the instant, state law governs substantive issues, while federal law governs procedural issues. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). By their argument, Defendants apparently believe the "attachment requirement" under Florida law is substantive in nature. Although it is clear to me that Fla. Civ. P. 1.130 merely sets forth a pleading requirement (and is, therefore, procedural), the issue need not be decided on the facts of this case. Indeed, as will be discussed *infra*, the attachment requirement applies here, not because it presents an issue of substantive law, but rather because Plaintiff filed the Complaint in state court.

Case No.: 3:06vv236/RV/EMT

that the contract or policy of insurance be attached to a Complaint." Taking the second argument first, Plaintiff is correct that the federal rules do not require the policy to be attached. See, e.g., Marsh U.S.A, Inc., v. Walpole, Inc., 2005 WL 2372006, at *2-*3 (M.D. Fla. Sept. 27, 2005); U.S. v. Vernon, 108 F.R.D. 741, 742 (S.D. Fla. 1986); Wright & Miler 5A Federal Practice and Procedure: Civil 3d § 1327 (noting "there is no requirement [in the federal rules] that the pleader attach a copy of the writing on which his claim for relief or defense is based") (collecting cases). The fact that the federal rules do not require attachment is irrelevant here, however.

The Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts from the state courts and govern procedure *after* removal." Fed. R. Civ. P. 81(c) (emphasis supplied). As already noted, Plaintiff's Complaint was filed in state court and the Defendants removed the case to this Court. By the express terms of Rule 81(c), the Federal Rules of Civil Procedure govern the case only *after* it was removed. In other words, at the time Plaintiff filed the Complaint in state court it was bound to follow the state rules, and the federal rules had no application whatsoever. On this issue, I find persuasive (but am, of course, not bound by) a recent case out of the Western District of Michigan, where the district court reached the same result on very similar facts. See Lee v. Putz, 2006 WL 1791304, at *3 (W.D. Mich. June 27, 2006); cf. Coleman v. Alcolac, Inc., 888 F. Supp. 1388, 1395 (S.D. Tex. 1995) (rejecting the argument that the federal rules applied to case when it was filed in state court and later removed to federal district court; noting "the Court is at an utter loss to understand why Plaintiffs should have complied with Fed. R. Civ. P. 8(a)(1) when filing in the 23rd District Court of Brazoria County").

That is not to say, however, that Plaintiff's failure to attach the policy to the Complaint (as required under state procedure) automatically justifies dismissal here. It seems to be established that, at the time of pleading, the Defendants had the policy in their possession and Plaintiff was "never [ ] furnished" with a copy. Furthermore,

Plaintiff attached the policy declarations page and provided what it believed was the policy number. This was sufficient under Florida law. See, e.g., Amiker v. Mid-Century Ins. Co., 398 So.2d 974, 974-75 (Fla. 1st DCA 1981) (motion to dismiss for failing to attach an insurance policy should have been denied where plaintiffs did not have the policy in their possession and the complaint set forth the policy number; plaintiffs "could not attach to the complaint what they did not have"); Parkway General Hospital Inc. v. Allstate Insurance Co., 393 So.2d 1171, 1172 (Fla. 3rd DCA 1981) (dismissal for failing to attach policy inappropriate where complaint alleges the policy is in the sole and exclusive possession of defendants); Sachse v. Tampa Music Co., Inc., 262 So.2d 17, 19 (Fla. 2d DCA 1972) ("Failure to attach a copy of the instrument upon which an action is brought may result in dismissal of the case. But where the instrument is not within the pleader's possession or control, as alleged here, such failure to attach should not be fatal to the cause, and the pleader should be given an opportunity, by means of discovery proceedings, to establish the existence of the instrument.").

Accordingly, Defendants' motion must be denied to the extent it seeks dismissal for Plaintiff's failure to attach the insurance policy to its Complaint.

### B. *Co-Mingled Facts and Claims*

Defendants next argue that Plaintiff has impermissibly co-mingled claims and facts in violation of Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. Plaintiff argues in response that it has complied fully with Rules 8(a) and 10(b). Both arguments miss the mark. As noted, this case is presently in federal court because Defendants removed it from state court. Rule 81(c) provides that the federal rules --- including Rules 8(a) and 10(b) --- only govern procedure for pleadings filed *after* the removal. Accordingly, a plaintiff is not required to satisfy the federal rules in a state-filed complaint, or replead the complaint to meet federal standards. See, e.g., Aledide v. Barr, 607 F. Supp. 281, 283 n.1 (S.D.N.Y. 1985) ("We hold that when a defendant

removes a complaint which states the claim with sufficient specificity to be viable in the court from which it was removed, they may not later be heard to seek dismissal for want of specificity."); <u>Istituto Per Lo Sviluppo Economico Dell' Italia Meridionale v. Sperti Prod., Inc.</u>, 47 F.R.D. 310, 312-13 (S.D.N.Y. 1969) ("Only pleadings filed subsequent to removal must conform to requirements of the federal rules. Generally, the plaintiff in a removed action is not required to refile or revise old pleadings, nor is he required to file new pleadings."); <u>Talley v. American Bakeries Co.</u>, 15 F.R.D. 391, 392 (E.D. Tenn. 1954) (holding the federal rules only "govern procedure *after* removal . . . [and] neither add to nor abrogate what has been done in the state court prior to removal;" further "[a] plaintiff whose case has been removed is not required to withdraw his complaint and file a new one . . . Nor is he required to revise the complaint, which may be a lengthy one, merely because the Federal Rules provide that the complaint be short and plain") (emphasis in original).

Defendants' motion, therefore, must be denied to the extent it seeks dismissal for Plaintiff's failure to adhere to the pleading requirements in Rules 8(a) and 10(b).[2]

## III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 4) is DENIED. However, I direct the Plaintiff to file an amended Complaint, within fourteen (14) days from the date of this Order, which does set out the claims in the manner required by Rule 10(b) and which will allow the Defendants and this Court to properly analyze the claims as the federal rules provide.

**DONE and ORDERED this 12th day of July, 2006.**

> */Roger Vinson*
> **ROGER VINSON**
> **Senior United States District Judge**

---

[2]Defendants have only argued that Plaintiff's Complaint runs afoul of Fed. R. Civ. P. 8(a) and 10(b). Therefore, I express no opinion on whether the alleged co-mingling of facts and claims violate Florida state pleading rules and procedure.

Case No.: 3:06vv236/RV/EMT