IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PENSACOLA BEACH COMMUNITY
UNITED CHURCH, INC.,
    Plaintiff,

v.                                                Case No. 3:06cv236/RV/EMT

CONFERENCES OF THE UNITED CHURCH
OF CHRIST INSURANCE BOARD, et al.,
    Defendants.
_____/

**O R D E R**

This cause is before the court upon Defendant National Union Fire Insurance Company's Motion for Enlargement of Time (Doc. 27), Plaintiff's Response (Doc. 28), and Plaintiff's Motion to Extend Time to Provide Rule 26(a)(2) Reports (Doc. 29).

According to the final scheduling order filed on July 12, 2006, Plaintiff's Rule 26(a)(2) disclosures were due by November 1, 2006, and Defendant's Rule 26(a)(2) disclosures were due by December 1, 2006 (Doc. 15). The discovery deadline is February 1, 2007, and all dispositive motions must be filed by March 9, 2007 (*id.*). The parties initially estimated that the case would be ready for trial by May 31, 2007 (Doc. 14 at 4), but the final scheduling order does not explicitly set a trial date (*see* Doc. 15).

Defendants states that, to date, Plaintiff has failed to provide Defendant with its Rule 26(a)(2) disclosures (Doc. 27 at ¶1). Defendant requests that this court compel Plaintiff to make its disclosures and also requests an extension of time (forty-five days from the date Plaintiff makes its disclosures) for Defendant to make its own Rule 26(a)(2) disclosures (*id.* at ¶¶5, 6, 11). Additionally, Defendant states that Plaintiff's failure to provide expert disclosures has resulted in Defendant being unable to schedule necessary depositions; therefore, Defendant requests an extension of the discovery and dispositive motion deadlines (*id.* at ¶¶8, 9). Defendant asks that the discovery deadline be extended until sixty days from the day Defendant's expert disclosures are due

and that the dispositive motion deadline be extended for forty-five days after the time discovery is due to be completed (*id.* at ¶¶ 13, 12[1]).

Plaintiff admits that it has not yet made its Rule 26(a)(2) disclosures, but Plaintiff alleges that its failure is at least partly a result of Defendant's failure to cooperate fully during the discovery process (Doc. 28 at 1). Plaintiff states that it was not able to ascertain which experts it would need until Defendant cooperated in the scheduling of depositions of several witnesses (*id.*). Plaintiff agrees that enlargement of the deadlines is necessary (*id.* at 2) and requests an enlargement of time (until December 15, 2006) to make its Rule 26(a)(2) disclosures (Doc. 29 at 1). Plaintiff does not oppose the enlargement of time, until January 15, 2007, for Defendant to make its expert disclosures (*id.* at 3).

Upon careful consideration of these three motions, Plaintiff's motion (Doc. 29) shall be granted, Defendant's motion (Doc. 27) shall be granted in part, and the scheduling deadlines shall be modified as detailed *infra*.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Enlargement of Time to Provide Rule 26(a)(2) Reports on Retained Experts (Doc. 29) is **GRANTED**. Plaintiff shall have until **December 15, 2006** to make its Rule 26(a)(2) disclosures.

2. Defendant National Union Fire Insurance Company's Motion for Enlargement of Time (Doc. 27) is **GRANTED in part**. As in the final scheduling order, Defendant shall have thirty days from the date Plaintiff's Rule 26(a)(2) disclosures are due to make its own Rule 26(a)(2) disclosures. Therefore, Defendant National Union Fire Insurance Company shall have until **January 15, 2007** to make its Rule 26(a)(2) disclosures.

3. All discovery must be completed by **March 15, 2007**.

4. All dispositive motions must be filed by **April 19, 2007**.

---

[1]The court notes that the paragraphs in Defendant's motion are misnumbered; this "12" refers to the second of the two paragraphs numbered 12.

Case No.: 3:06cv236/RV/EMT

**DONE AND ORDERED** this 4th day of December 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**