IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PENSACOLA BEACH COMMUNITY
UNITED CHURCH, INC., a Florida
non-profit corporation,
        Plaintiff,

v.                                                                    Case No. 3:06cv236/RV/EMT

NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH,
PENNSYLVANIA,
        Defendant.
_____/

## **O R D E R**

        This cause is before the court upon Defendant's ("National Union") Motion to Compel Better
Responses to Defendant's Request to Produce to Plaintiff, to Compel Plaintiff to Produce a Privilege
Log, and Incorporated Memorandum of Law (Doc. 40), Plaintiff's ("PBC") Memorandum in
Response to Defendant's Motion to Compel (Doc. 42), and Defendant's reply to Plaintiff's response
(Doc. 47).

        This case involves a breach of contract dispute between Plaintiff and Defendant National
Union.  Plaintiff alleges that its church building, insured by Defendant, suffered damage resulting
from Hurricane Ivan on or about September 14, 2004.  Defendant served a request for production
on Plaintiff on November 28, 2006 (*see* Doc. 40, Ex. A).  Plaintiff served its response on January
5, 2007 (*see id.*, Ex. B).  Defendant communicated to Plaintiff that several items were evasive or
incomplete.  Plaintiff remedied several items to Defendant's satisfaction, but Defendant continued
to allege that several responses remained evasive or incomplete.  Subsequently, Defendant filed the
instant motion to compel and Plaintiff reacted by supplying more documents and responding to the
instant motion.  In its February 27, 2007 order, this court directed Defendant to specifically identify

any matters that remained in dispute following Plaintiff's response to Defendant's motion to compel (*see* Doc. 44 at 1).  Defendant replied that requests for production two, three, four, five, seven, twenty-eight, and twenty-nine remain in dispute.  Accordingly, the court will address each disputed item in turn.  As to the remaining items, requests fifteen, sixteen, seventeen, twenty-five, and twenty-seven, Defendant's motion to compel shall be denied as moot.

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  *See* United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958).  Discovery is expected to be accomplished voluntarily with minimal judicial intervention.  *See* Bell v. Brary and Gillespie, LLC, No. 6:05-CV-355-ORL-19JG, 2006 WL 923741, *1 (M.D. Fla. 2006).

The Federal Rules provide that a party may serve requests for production of documents which are "in the possession, custody or control of the party upon whom the request is served."  Fed. R. Civ. P. 34(a).  "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."  Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984).  The response shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for objection shall be stated.  Fed. R. Civ. P. 34(b).  If the documents for production are not in existence, the objecting party should so state under oath. *See* Cairnes v. Chicago Exp., Inc., 25 F.R.D. 169, 170 (N.D. Ohio 1960).  An evasive or incomplete answer to a request for production is to be treated as a failure to answer.  Fed. R. Civ. P. 37(a)(3).

If a party fails to answer a request for production, the discovering party may move for an order compelling a response.  Fed. R. Civ. P. 37(a)(2).  Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *See* Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

If a party objects to a discovery request on the ground that the material sought is protected

by the attorney-client privilege, Rule 26(b)(5) requires that:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

To preserve the privilege, the objecting party must provide a log or index of withheld materials that includes for each separate document, the authors and their capacities, the recipients (including copy recipients) and their capacities, the subject matter of the document, the purpose for its production, and a detailed, specific explanation of why the document is privileged or immune from discovery. *See* Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, 230 F.R.D. 688, 695 (M.D. Fla. 2005). General or blanket claims of privilege are insufficient for a party to withhold materials under a claim of privilege. *Id.* Failure to provide a privilege log does not result in an automatic waiver of the privilege. Rather, courts apply a holistic analysis taking into account several factors to determine whether the privilege has been waived. *See id.* (citing Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005)).

Within this framework, the court will review the disputed discovery requests.

Request Two. Defendant requested any and all communications to PBC's membership between September 1997 and September 2004. Plaintiff responded by providing some newsletters and Sunday bulletins from 2004 through 2006 but has not produced any communications to PBC's membership from 1997 through 2003. Generally, Plaintiff asserts that subsequent to the latest production Defendant has every document in Plaintiff's possession. Plaintiff also avers "some documents were lost in the storm, such as detailed invoices and billings for repairs and maintenance in the past," and other documents "simply never existed" (Doc. 42 at 2). Plaintiff has not indicated that the specific materials Defendant seeks in this request do not exist. Defendant's request is reasonably calculated to lead to relevant admissible evidence, and Plaintiff's response is incomplete and therefore insufficient. Thus, Defendant's motion to compel a response to request two shall be

granted.[1]

Request Three.  Defendant requested any and all documents referencing any members of any board of PBC's Board of Governors during the past ten years.  Plaintiff responded by providing trustee meeting minutes, but Plaintiff provided no documentation identifying any Board of Governor member as requested by Defendant.  Again, Plaintiff has not indicated that the materials Defendant seeks in this request do not exist.  Defendant's request is reasonably calculated to lead to relevant admissible evidence, and Plaintiff's response is incomplete and therefore insufficient.  Thus, Defendant's motion to compel a response to request three shall be granted.

Request Four.  Defendant requested any and all documents referencing the names or designations of any board of PBC's Board of Governors for the past ten years.  Plaintiff responded by providing documentation that references PBC's board of trustees. Defendant, however, requested documentation regarding any board, not just the board of trustees.  As before, Plaintiff has not indicated that the materials Defendant seeks in this request do not exist.  Defendant's request is reasonably calculated to lead to relevant admissible evidence, and Plaintiff's response is incomplete and therefore insufficient.  Thus, Defendant's motion to compel a response to request four shall be granted.

Request Five.  Defendant requested any and all copies of PBC's annual budget and related documentation for the last ten years, including, for example, drafts and correspondence.  Plaintiff responded by providing documentation relating to PBC's annual budget including correspondence and other accounting/financial information related to the yearly budget for 2001 through 2007.  No documentation was provided for 1997 to 2000.  Again, Plaintiff has not indicated that the materials Defendant seeks in this request do not exist.  Defendant's request is reasonably calculated to lead to relevant admissible evidence, and Plaintiff's response is incomplete and therefore insufficient.  Thus, Defendant's motion to compel a response to request five shall be granted.

---

[1]The court is not unmindful of Plaintiff's assertion that some documents do not exist or were destroyed in the storm, and the court obviously cannot compel Plaintiff to produce documents that do not exist.  However, Plaintiff shall be required to turn over any documents in existence—even if Plaintiff cannot fully comply with each of Defendant's requests (thus, for example, Plaintiff shall produce any newsletters that exist even if Plaintiff does not have every newsletter between September 1997 and September 2004).  Alternatively, Plaintiff shall respond separately and in detail to each of Defendant's requests, indicating that particular documents do not exist.

Request Seven.  Defendant requested any and all meeting minutes of the board of directors or other governing body of PBC from September 1994 to present.  Plaintiff objected claiming attorney-client privilege and also produced some documents.  Defendant asserts that Plaintiff produced an appropriate privilege log for the documents produced but failed to produce all of the required documents for the requested time period.  Specifically, Defendant contends Plaintiff failed to produce documents for sixteen scattered months during the period from 2003 to 2006.  Defendant also asserts that it is unclear how many meeting minutes prior to September 2004 are subject to attorney-client privilege.  Defendant asserts that Plaintiff has waived the privilege by failing to respond to its request.  As the court previously noted, waiver is not automatic if a party claims privilege and fails to provide a privilege log.  Further, Plaintiff has provided a privilege log and some documents responsive to Defendant's request.  It is not clear to the court whether Plaintiff maintains its claim of privilege as to the unproduced documents that do not appear on the privilege log or whether Plaintiff's production is merely incomplete.  Accordingly, Plaintiff shall be ordered to produce the remaining discoverable documents that Defendant has demanded under request seven or to produce a privilege log that complies with Rule 26(b)(5).

Request Twenty-Eight.  Defendant requested any and all documents received, produced, or generated on account of any board of PBC relating to the September 15, 2004 hurricane and flood loss.  Plaintiff objected claiming attorney-client privilege but has failed to produce a privilege log as required by Rule 26(b)(5).  Defendant correctly asserts that it cannot apprehend whether the privilege is validly asserted without a privilege log.  Defendant again asserts waiver; which, as before, is not automatic.  The Federal Rules require that Plaintiff produce a privilege log of withheld materials that includes for each separate document, the authors and their capacities, the recipients (including copy recipients) and their capacities, the subject matter of the document, the purpose for its production, and a detailed, specific explanation of why the document is privileged or immune from discovery.  *See* Universal City, 230 F.R.D. at 695.  Accordingly, Plaintiff shall be ordered to produce the discoverable documents that Defendant has demanded under request twenty-eight or to produce a privilege log that complies with Rule 26(b)(5).

Request Twenty-Nine.  Defendant requested any and all documents received, produced, or generated on account of any board of PBC relating to the care, upkeep, maintenance, or repairs of

PBC or PBC's fellowship hall since September 1994.  As with request twenty-eight, Plaintiff

asserted attorney-client privilege without producing a privilege log.  The Federal Rules require

Plaintiff to produce a privilege log.  *See id.*  Accordingly, Plaintiff shall be ordered to produce the

discoverable documents that Defendant has demanded under request twenty-nine or to produce a

privilege log that complies with Rule 26(b)(5).

The remaining issue is whether Defendant is entitled to fees.  Federal Rule of Civil

Procedure 37(a)(4)(A) provides for the award of expenses and sanctions when a party must bring

a motion to compel, in pertinent part it states:

> If the [motion to compel] is granted or if the disclosure or requested discovery is
> provided after the motion was filed, the court shall, after affording an opportunity to
> be heard, require the party or deponent whose conduct necessitated the motion or the
> party or attorney advising such conduct or both of them to pay to the moving party
> the reasonable expenses incurred in making the motion, including attorney's fees,
> unless the court finds that the motion was filed without the movant's first making a
> good faith effort to obtain the disclosure or discovery without court action, or that
> the opposing party's nondisclosure, response, or objection was substantially justified,
> or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).  The rules direct that the court shall impose sanctions against the

unsuccessful party under a motion to compel unless the nondisclosing party's objection was

"substantially justified" or "that other circumstances make an award of expenses unjust."  *Id.*; *see*

Fed. R. Civ. P. 37(a) Advisory Committee Notes to 1970 Amendment; WRIGHT, MILLER & MARCUS,

8A FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2288 (2006) ("The greatest operative principle

of Rule 37(a)(4) is that the loser pays.").  A "motion is substantially justified if it raises an issue

about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness

of the contested action."  Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th

Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

In this case, the court cannot conclude that Plaintiff's objections to Defendant's requests

were "substantially justified" or "that other circumstances make an award of expenses unjust."

Further, Plaintiff's supplemental responses, provided after Defendant filed its motion to compel, do

not allow Plaintiff to avoid liability for sanctions.  *See* Fed. R. Civ. P. 37(a)(4)(A).  Thus, Defendant

appears to be entitled to fees and expenses incurred in brining the instant motion to compel.

However, before the court makes a final ruling on this issue, Plaintiff will be permitted to file a response regarding the issue of sanctions (see below).

Accordingly, it is **ORDERED**:

1.      Defendant National Union's motion to compel (Doc. 40) is **GRANTED** in part.  The motion is granted as to requests two, three, four, five, seven, twenty-eight, and twenty-nine.  Plaintiff shall respond to those requests as outlined in this order.  The motion is **DENIED as moot** as to requests fifteen, sixteen, seventeen, twenty-five, and twenty-seven.

2.      Within **TEN (10) DAYS** of the date of docketing this order, Defendant National Union shall submit documentation of fees or expenses incurred in brining the motion to compel.  Then, within **TEN (10) DAYS** of the date of docketing of Defendant's documentation, <u>if Plaintiff so desires,</u> Plaintiff shall file a response addressing the issue of sanctions and the reasonableness of the fees and expenses submitted by Defendant.

**DONE AND ORDERED** this  7th  day of March 2007.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**